Carl CABE, Commissioner, Department of Labor, Appellant,

v.

Harold KITCHEN et al., d/b/a Western Hills Restaurant, Appellees.

Court of Appeals of Kentucky.

Feb. 17, 1967.

Rehearing Denied June 16, 1967.

Martin Glazer, Department of Labor, Frankfort, for appellant.

Charles E. English, Harlin, Parker, Ricketts, Lucas & English, Bowling Green, for appellees.

WADDILL, Commissioner.

The Commissioner of the Kentucky Department of Labor appeals from a judgment holding that he is not entitled to inspect certain records of the appellees, Harold Kitchen and Garland Reeves, and refusing to require obedience to a subpoena theretofore issued under KRS 336.060.

The appellees own and operate the Western Hills Restaurant in Bowling Green. On February 24, 1966, the commissioner, who is required by KRS 336.050 to "investigate and ascertain the wages of all women and minors employed in this state," subpoenaed appellees' payroll records for their business operations from August 1, 1962 to February 24, 1966. The appellees produced for inspection their records for one year preceding the issuance of the supoena but refused to produce records for any prior period of time. The basis of their refusal was that KRS 337.320 only requires employment records for women or minors to "be kept on file for at least one year after entry." The trial judge specifically held that this retention requirement is a time limitation on the commissioner's right to inspect these records.

It is contended on behalf of the commissioner that the phrase "at least one year" is not a limitation upon the voluntary retention of these records and, therefore, could not be a limitation upon his right of inspection. With this argument we agree. The phrase "at least" is frequently and commonly used to introduce a minimum standard. As used in KRS 337.320(2) the phrase "at least one year" obviously means (records must be kept) not less than one year; however, it does not prohibit their retention for more than one year. As observed by the trial court appellees have remained silent as to whether they have retained any records older than one year.

The provisions of KRS 336.060 and 337.320 afford wide latitude in making investigations under KRS 336.050 and require only that the records to be inspected be

competent and relevant to the matter under investigation. On the record presented we conclude that the commissioner is entitled to inspect all payroll records from August 1, 1962 to February 24, 1966, which are in appellees' possession.

The judgment is reversed with directions to enter a new one consistent with this opinion.

All concur.